IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-02716-WJM

LISA KAY BRUMFIEL,

    Plaintiff,

v.

U.S. BANK,
LARRY CASTLE, in his individual and corporate capacity, and
CASTLE STAWIARSKI,

    Defendants.

---

**ORDER DENYING COMBINED EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

---

Plaintiff initiated this action on October 12, 2012, bringing six causes of action against Defendant, which included claims under 42 U.S.C. §§ 1983, 1985, and 1988, and claims for "wrongful foreclosure, fraud by omission or non-disclosure," common law conspiracy, and intentional and negligent infliction of emotional distress. (ECF No. 1.) The action challenges, among other things, Defendants' allegedly unlawful attempts to foreclosure on Plaintiff's property in Aurora, Colorado. Along with her Complaint, Plaintiff also filed a Combined Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). (ECF No. 3.) In the Motion, Plaintiff seeks to enjoin a Rule 120 foreclosure proceeding in state court. Plaintiff represents that a Rule 120 "Judgment of Foreclosure and Sale" proceeding is scheduled for October 22, 2012. For the following reasons, Plaintiff's Combined Motion is DENIED.

The Anti-Injunction Act provides, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  As the Tenth Circuit has stated, "[t]his prohibition against enjoining 'proceedings in a State Court' applies to state foreclosure proceedings." *Horton v. Clark*, No. 90-5254, 1991 WL 240115, at *1 (10th Cir. Nov. 15, 1991).  Here, Plaintiff has not shown, and the Court does not find, that any of the three exceptions identified in 28 U.S.C. § 2283 apply in this case.  Therefore, the Anti-Injunction Act prohibits this Court from enjoining the foreclosure proceedings in state court.

Moreover, even if the Anti-Injunction Act did not apply, the Tenth Circuit has also recognized that a foreclosure proceeding is "precisely the type of case where federal courts out of concern of comity and the nature of our federal system properly refuse to exercise jurisdiction and intermeddle in the state court proceedings." *Id.* (citing *Mitchum v. Foster*, 407 U.S. 225 (1972), and *Harris v. Younger*, 401 U.S. 37 (1971)).  Under the *Younger* abstention doctrine,

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.  *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation and quotation marks omitted).

Here, the first *Younger* abstention element is met because Plaintiff is asking the Court to enjoin an ongoing proceeding in state court.  Second, although Plaintiff argues otherwise, the Court finds that the state proceedings provide an adequate forum to hear the claims raised here.  And third, foreclosure proceedings "are proceedings involving important state interests concerning title to real property located and determined by operation of state law."  *Beeler Props. v. Lowe Enters. Residential Investors*, 07-cv-00149, 2007 WL 1346591, at *1 (D. Colo. May 15, 2007); *see also Horton*, 1991 WL 240115, at *1.  Therefore, the *Younger* abstention doctrine also prevents this Court from enjoining the state court proceedings involved.

In accordance with the foregoing, the Court hereby ORDERS as follows:

(1)   Plaintiff's Combined Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is DENIED; and

(2)   Plaintiff is prohibited from filing any further emergency motions in this action seeking to enjoin the related foreclosure proceedings in state court.

Dated this 15th day of October, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge