**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-02716-WJM-MEH

LISA KAY BRUMFIEL,

     Plaintiff,

v.

U.S. BANK,
LARRY CASTLE, in his individual and corporate capacities, and
CASTLE STAWIARSKI, LLC,
ROBERT J. HOPP, in his individual and corporate capacities,
CYNTHIA MARES, Public Trustee in her official capacity,
MERS, a division of MERSCorp, and
DOES 1-100,

     Defendants.

---

**ORDER GRANTING MOTION TO VACATE HEARING AND
GRANTING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION**

---

*Pro se* Plaintiff Lisa Kay Brumfiel ("Plaintiff") has filed this action against

Defendants U.S. Bank, Larry Castle, Castle Stawiarski, LLC, Robert J. Hopp, Cynthia

Mares, MERS, and Does 1-100 (collectively "Defendants") contesting the foreclosure of

Plaintiff's real property located at 1499 S. Jasper Street, Aurora, Colorado (the

"Property").  This matter is before the Court on U.S. Bank's Motion to Vacate the

Preliminary Injunction Hearing set for May 15, 2013 ("Motion to Vacate") (ECF No. 116)

on Plaintiff's Petition for Emergency Temporary Restraining Order and Preliminary

Injunction ("Petition").  (ECF No. 82.)

     Upon review of the parties' arguments, the Court grants U.S. Bank's Motion to

Vacate.  The evidentiary hearing set for May 15, 2013 at 9:00 a.m. is hereby vacated.

## I. BACKGROUND

On October 12, 2012, Plaintiff brought this action alleging, among other claims, that the foreclosure action, proceeding in Colorado state court under Colorado Rule of Civil Procedure 120 and Colorado Revised Statute § 38-38-101, violates her constitutional right not to be deprived of her Property without due process of law.  (ECF Nos. 1, 45.)  On the same day, Plaintiff filed her first Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3), seeking to enjoin the foreclosure sale of the Property.  The Court denied Plaintiff's first Motion for a Preliminary Injunction.  (ECF No. 5.)

On February 25, 2013, the plaintiff filed a second Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 29), again seeking to enjoin the state court foreclosure action.  On February 26, 2013, the Court denied Plaintiff's second motion.  (ECF No. 34).  On March 13, 2013, Plaintiff filed a Motion for Reconsideration of the Court's denial of her second motion, which remains pending. (ECF No. 36.)

On March 22, 2013, Plaintiff filed an Amended Complaint.  (ECF No. 45.) Subsequently, on April 29, 2013, Plaintiff filed her third Petition for a Preliminary Injunction.  (ECF No. 82.)  On April 30, 2013, the Court ordered Defendants to file responsive briefs to the Petition, which were filed on May 1, 2013.  (ECF Nos. 84, 85, 87.)  On May 6, 2013, the Court held a hearing on the Petition.  After hearing from the parties, the Court issued an Order granting an Interim Preliminary Injunction to expire on May 20, 2013, and set an evidentiary hearing on the Petition for a full Preliminary Injunction for May 15, 2013.   (ECF No. 94.)

On May 10, 2013, Defendants MERS and U.S. Bank filed a Notice of Withdrawal of the foreclosure action, and informed the Court that a motion had been filed in the state court to dismiss the Rule 120 proceeding against the Property.  (ECF No. 114.) On May 13, 2013, Plaintiff filed a Response to Defendants' Move to Render the Case Moot by Withdrawing the Foreclosure, arguing that an exception to mootness doctrine should apply and indicating her intention to oppose Defendants' motions in the state court action.  (ECF No. 115.)  Later the same day, Defendant U.S. Bank filed the instant Motion to Vacate, reiterating the facts in the Notice of Withdrawal, and additionally "consent[ing] to a permanent injunction preventing it from utilizing the Rule 120 Public Trustee Foreclosure process against Plaintiff" regarding the Property.  (ECF No. 116 ¶ 7 (emphasis in original).)

## III.  DISCUSSION

Plaintiff's Petition requests that U.S. Bank be enjoined "from proceeding further from the sale of Plaintiff's property" through the challenged foreclosure process under Rule 120 and § 38-38-101.  (ECF No. 82 at 5.)  Defendant U.S. Bank's Motion to Vacate argues that the hearing on Plaintiff's Petition should be vacated and Plaintiff's Petition dismissed because Defendants' actions in withdrawing the foreclosure proceeding at issue make Plaintiff's Petition moot.  (ECF No. 116.)

Article III of the Constitution restricts federal courts' jurisdiction to actual cases and controversies, withdrawing jurisdiction where there is no current, active dispute between the litigants.  *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009).  A finding that no case or controversy exists because the controversy is no longer "live" deprives a federal court of jurisdiction, preventing it from issuing an

3

impermissible advisory opinion.  *Id.*  Accordingly, where "events subsequent to the filing of the case have resolved the dispute and, as a result, there is no longer an actual controversy between adverse litigants," such a claim must be dismissed as moot.  *Dist. 22 United Mine Workers of Am. v. Utah*, 229 F.3d 982, 987 (10th Cir. 2000).

In the instant case, the Court has been given notice that the entities that filed the contested foreclosure proceeding against Plaintiff have moved to withdraw it and to dismiss the Rule 120 proceeding.  (ECF No. 114.)  However, Plaintiff has indicated her intention to oppose Defendants' motion to dismiss the Rule 120 proceeding (ECF No. 115 at 3), and the Court has not received notice of any ruling by the state court on the motion to dismiss the foreclosure action.  Accordingly, any order dismissing Plaintiff's Petition on mootness grounds is premature, and the Court expressly declines to issue any ruling with respect to the alleged mootness of any of Plaintiff's claims in this action.

Nevertheless, the Court recognizes that in Defendant U.S. Bank's Motion to Vacate, it indicated its consent to a permanent injunction on its use of the Rule 120 foreclosure process against the Property.  (ECF No. 115 ¶ 7.)  Because Plaintiff's Petition requests an injunction on the sale of the Property through the use of the Rule 120 process, U.S. Bank's consent to a permanent injunction in effect agrees not to oppose Plaintiff's Petition.  Therefore, the Court construes U.S. Bank's consent to enter into a permanent injunction as a confession of Plaintiff's Petition and as consent to enter into a full Preliminary Injunction.

Accordingly, the Court grants Plaintiff's now-unopposed Petition for a Preliminary Injunction to extend for the duration of this action, and enjoins any proceeding under Rule 120 and/or Colorado Revised Statute § 38-38-101 against the Property, until further order of this Court.

4

**IV. CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows:

1.     Defendant U.S. Bank's Motion to Vacate (ECF No. 116) is GRANTED, and the

evidentiary hearing set on Plaintiff's Petition for May 15, 2013 at 9:00 a.m. is

hereby VACATED;

2.     Plaintiff's Petition for a Preliminary Injunction (ECF No. 82) is GRANTED, and

any proceeding under Rule 120 and/or Colorado Revised Statute § 38-38-101

against the Property is ENJOINED for the duration of this action; and

3.     Plaintiff's Request for Reconsideration of her previous Motion for a Preliminary

Injunction (ECF No. 36) is DENIED AS MOOT, as the instant Order grants the

relief requested therein.


Dated this 14th day of May, 2013.

BY THE COURT:

William J. Martínez
United States District Judge