FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 JUN -3 PM 1:06

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02716-WJM-MEH

**LISA KAY BRUMFIEL,**

    **Plaintiff,**

v.

**US BANK,**
**LARRY CASTLE**, in his corporate capacity,
**LARRY CASTLE**, in his individual capacity,
**CASTLE STAWIARSKI LLC,**
**ROBERT J. HOPP, ATTORNEY,**
**CYNTHIA MARES**, Public Trustee
in her official **capacity,**
**MERS a division of MERSCORP Inc. and,**
**DOES 1-100**

    **Defendants**

---

### PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE WHY CS DEFENDANTS, US BANK, MERS, AND THE PUBLIC TRUSTEE SHOULD NOT BE SANCTIONED FOR FAILING TO PRESERVE THE "STATUS QUO" AND COMPELLING US BANK TO WITHDRAW THE STATE COMPLAINT CASE NO. 2013-CV-825 THAT WAS MADE PURSUANT TO DEFENDANT'S FAILURE TO PRESERVE THE STATUS QUO

### D.C. Colo. L. Civ. R. 7.1 CERTIFICATE OF CONFERRAL

On May 31st, 2011, 2013 and in support thereof, state as follows: The undersigned conferred with defendants for failure to preserve the "status quo" and further to have US Bank withdraw its state complaint 2013-cv-825 which was made pursuant to defendants failure to preserve the "status quo" as follows:

**Larry Castle** and **Castle Stawiarski LLC** by calling their attorney **Phillip A. Vaglica, Esq.** at **303-865-1400** **Phillip A. Vaglica** indicated he would a.(oppose; or b. not oppose.

US Bank N.A by calling their attorney, **Sean M. Hanlon**, at **303-295-8270** **Sean M. Hanlon** indicated he would (a.) oppose; or b. not oppose.

**MERS** by calling its attorney, **Christopher J. Dawes, Esq.**, at **303-292-1200** **Christopher J. Dawes, Esq.** indicated he would (a.) oppose; or b. not oppose.

The Public Trustee, Cynthia Mares by calling her attorney **Christine Cachey Stretesky** at 303-795-4639 who indicated that she would (a.) oppose; or b. not oppose.

Plaintiff Moves the Court for an Order to Show Cause for Contempt directed toward CS Defendants and US Bank, and the Public Trustee, Cynthia Mares for violating the preliminary injunction of May 6th, 2013 which required defendants to maintain the "status quo" when the Public Trustee withdrew the sale of the property on behalf of the other defendants US Bank and CS Defendants

Good cause appearing, this Court now issues an Order to Show Cause requiring CS Defendant's, US Bank N.A. and the Public Trustee, Cynthia Mares to appear in the district court on_____, 2013 in _____ at _____to show cause why Plaintiff's motion should not be granted and defendants sanctioned for non-compliance of the preliminary injunction of May 06, 2013 to maintain the status quo and further asks this court to join this motion with the former motion and order filed on the 29th, of May.

## FACTS

On May 6th, 2013, **In the ORDER GRANTING PLAINTIFF'S REQUEST FOR INTERIM PRELIMINARY INJUNCTION,** the Honorable Judge William J. Martinez granted a preliminary injunction and at pgs 10 and 11 and said:

> Second, and tipping the scales further in Plaintiff's favor, injunctive relief will ensure that the status quo is preserved. The Castle Defendants noted in their

Response, and Defendants' counsel noted at the hearing, that Plaintiff currently holds legal title and possesses the Property until the foreclosure sale and eviction occur. (ECF No. 87 at 10.) As Plaintiff asserts, injunctive relief will maintain the status quo in that "if U.S. Bank rightfully has an interest in the property, it remains secured by the Property while this action to determine the constitutionality of the Rule 120 is pending." (ECF No. 29 at 12.) The Court agrees. Allowing Plaintiff to remain in the Property until further evidence may be presented maintains the status quo and guards against irreparable injury to Plaintiff's property rights that would otherwise be deprived, allegedly without due process of law. See **Univ. of Tex. v. Camenisch**, 451 U.S. 390, 395 (1981); United States v. Adler's Creamery, 107 F.2d 987, 990 (2d Cir. 1939) (holding that its function is to "preserve the status quo ante . . . upon a showing that there would otherwise be danger of irreparable injury."); **Freshpack**, 2013 WL 50433; **SIFMA v. Garfield**, 469 F. Supp. 2d 25 (D. Conn. 2007).

At p. 16 the court said:

For the reasons set forth above, Plaintiff's Petition for a motion for an Interim Preliminary Injunction (ECF No. 82) is GRANTED. The Court therefore ORDERS as follows:

1. Defendant Public Trustee of Arapahoe County, Colorado is hereby **ENJOINED** and **RESTRAINED** from undertaking any steps which would lead to a foreclosure sale of Plaintiff's Property as defined herein for 14 days from the date of this Order, **in order to preserve the status quo** ante.
2. This Interim Preliminary Injunction will dissolve on May 20, 2013 unless otherwise Ordered by the Court after an evidentiary hearing.
3. An evidentiary hearing on Plaintiff's Motion for a Full Preliminary Injunction is set for May 15, 2013 at 9:00 a.m. in Courtroom A 801 [B, U]

## ARGUMENT

On May 14th, [Docket 120], in the **ORDER GRANTING MOTION TO VACATE HEARING AND GRANTING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION**, Judge Martinez noted at p. 3 the court noted:

On May 10, 2013, Defendants MERS and U.S. Bank filed a Notice of Withdrawal of the foreclosure action, and informed the Court that a motion had been filed in the state court to dismiss the Rule 120 proceeding against the Property. (ECF No. 114.) On May 13, 2013, Plaintiff filed a Response to Defendants' Move to Render the Case Moot by Withdrawing the Foreclosure, arguing that an exception to mootness doctrine should apply and indicating her intention to oppose Defendants' motions in the state court action. (ECF No. 115.) Later the same day, Defendant U.S. Bank filed the instant Motion to Vacate, reiterating the facts in the Notice of Withdrawal, and additionally "consent[ing] to a permanent injunction preventing it from utilizing the Rule 120

Public Trustee Foreclosure process against Plaintiff" regarding the Property. (ECF No. 116 ¶ 7 (emphasis in original).)

At p. 4 the Court said:

In the instant case, the Court has been given notice that the entities that filed the contested foreclosure proceeding against Plaintiff have moved to withdraw it and to dismiss the Rule 120 proceeding. (ECF No. 114.) However, Plaintiff has indicated her intention to oppose Defendants' motion to dismiss the Rule 120 proceeding (ECF No. 115 at 3), and the Court has not received notice of any ruling by the state court on the motion to dismiss the foreclosure action.

This conduct by the Public Trustee might also have been a violation of this Court's Order of May 6, 2013 that the Public Trustee preserve the status quo of the Rule 120 proceeding (ECF No. 94 at 16-17), and a violation of C. R. S. §38-38-109(3)(b), which provides that ". . . withdrawal of the notice of election and demand [that] occurred during the pendency of an injunction or bankruptcy stay and is void and of no force and effect."

On May 14th, 2013 US Bank N.A, through its attorney the Castle Group, did effect a withdrawal of plaintiff's property which the Public Trustee, Cynthia Mares allowed thus all mentioned defendants violated the preliminary injunction to maintain the status quo

Because the status quo was not maintained as required under the preliminary injunction which was still in effect at the time US Bank N.A. sought through their attorneys, the Castle Group, which are also defendants in this federal case as CS defendants, US Bank sought a dismissal of the Rule 120 and thereafter moved to file in the District Court of Arapahoe County an action under **Colorado Civil Access Pilot Project for Business Actions** civil case no. 2013-cv-825 which is not applicable to Lisa Kay Brumfiel who is not a business entity and which the procedure is not applicable where the lender is seeking solely to collect on a debt. [JDF 600.5 12/11] and is

governed by Chief Justice Directive 11-02. The proceedings have also expedited time frames suited to summary proceedings.

Further, these proceedings may also be governed by § 38-38-101 thus further violating the courts order for the Permanent Injunction of May 14th, 2013 [Docket 120]

## PLAINTIFF AGREED TO POSTING A BOND AS A CONDITION OF OBTAINING THE INJUNCTION

At p. 14 of the ORDER GRANTING PLAINTIFF'S REQUEST FOR INTERIM PRELIMINARY INJUNCTION the Court said:

The Tenth Circuit has held that because the purpose of the security is to provide compensation to the enjoined party in the event of an erroneously issued injunction or ultimate success on the merits, the Court's "wide discretion" in the matter permits the issuance of an injunction without requiring any security at all where, upon making findings of fact, the Court finds that "there is an absence of proof showing a likelihood of harm." *Cont'l Oil*, 338 F.2d at 782; see also *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003) (quoting *Cont'l Oil*); *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1158 (10th Cir. 2001) (quoting *Cont'l Oil* and holding that the District Court must make factual findings in choosing not to require security in order for a reviewing court to determine whether there had been an abuse of discretion).

The Court then discussed with plaintiff the bond requirements and the plaintiff agreed to an unsecured bond of $1250.00 on her signature.

Obviously, defendants were not content with the bond and moved quickly taking steps to remove her before the court could make a determination of a. the constitutionality of the Rule 120 foreclosure statute, and b. the defendants part in the conspiracy to deprive homeowners like Lisa Kay Brumfiel of due process and equal protection; and c. a determination that US Bank sought to profit from the shadowy conspiracy through a labyrinth of smoke and mirrors to obtain ownership of the Deed of

Trust and Promissory Note not only to Lisa Kay Brumfiel's home but to tens of thousand of homeowners in Colorado.

US Bank's tactic are meant to harass and keep Plaintiff off balance creating more stress sufficient to immobilize her and put her at a decided disadvantage.

Plaintiff request this court to Order US Bank N.A. to withdraw the state case and make no further attempts to disturb the status quo until the federal case is terminated. Also plaintiff request that all appropriate sanctions be imposed on the offending defendants as indicated.

In the interest of economy, this emergency motion should be joined to the prior motion to show cause filed on May 29th, 2013.

## CONCLUSION

For the foregoing reasons, plaintiff should be granted the relief requested.

Respectfully submitted,

_____
LISA KAY BRUMFIEL

Dated: 6-3, 2013