**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-02716-WJM

LISA KAY BRUMFIEL,

    Plaintiff,

v.

U.S. BANK,
LARRY CASTLE, in his individual and corporate capacity, and
CASTLE STAWIARSKI, LLC,
ROBERT J. HOPP, in his and corporate and individual capacities,
CYNTHIA MARES, Public Trustee in her official capacity,
MERS, a division of MERSCorp, and
DOES 1-100,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION
FOR AN ORDER TO SHOW CAUSE**

---

*Pro se* Plaintiff Lisa Kay Brumfiel ("Plaintiff") has filed this action against Defendants U.S. Bank, Larry Castle, Castle Stawiarski, LLC, Robert J. Hopp, Cynthia Mares, MERS, and Does 1-100 (collectively "Defendants") contesting the foreclosure of Plaintiff's real property located at 1499 S. Jasper Street, Aurora, Colorado (the "Property"). This matter is before the Court on Plaintiff's Emergency Motion for an Order to Show Cause Why CS Defendants, US Bank, MERS, and the Public Trustee Should not be Sanctioned for Failing to Preserve the "Status Quo" and Compelling US Bank to Withdraw the State Complaint Case No. 2013-cv-825 that was Made Pursuant to Defendant's Failure to Preserve the Status Quo ("Motion"). (ECF No. 158.)

    For the following reasons, the Motion is denied.

## I. BACKGROUND

On October 12, 2012, Plaintiff brought this action alleging, among other claims, that the foreclosure action, proceeding in Colorado state court under Colorado Rule of Civil Procedure 120, violates her constitutional right not to be deprived of her Property without due process of law. (ECF Nos. 1, 45 ("Am. Compl.").)

On May 6, 2013, after Plaintiff had filed numerous motions to enjoin the Rule 120 proceeding against the Property, the Court granted an Interim Preliminary Injunction against the Public Trustee's execution of the Rule 120 foreclosure proceeding, and set an evidentiary hearing for a full preliminary injunction. (ECF No. 94.)

On May 13, 2013, Defendant U.S. Bank filed a Motion to Vacate the Preliminary Injunction Hearing, indicating that it had moved to withdraw the Rule 120 proceeding against Plaintiff, consenting to a permanent injunction against the use of the Rule 120 foreclosure process against the Property, and stating its intention to file a judicial foreclosure action under Colorado Rule of Civil Procedure 105 in lieu of any Rule 120 proceeding. (ECF No. 116.) As a result, the Court vacated the evidentiary hearing and granted Plaintiff's unopposed Motion for a Preliminary Injunction, enjoining the challenged Rule 120 process against the Property. (ECF No. 120.)

On June 3, 2013, Plaintiff filed the instant Motion. (ECF No. 158.) Defendants filed their Responses to Plaintiff's Motion on June 11 and 12, 2013. (ECF Nos. 164, 165, 167, 168.) No reply was permitted. (ECF No. 159.)

## II. DISCUSSION

Plaintiff argues in her Motion that Defendants should be sanctioned for violating the Court's order "to preserve the *status quo*", and requests that the Court order

Defendant US Bank to withdraw the Rule 105 judicial foreclosure action.  (ECF No. 158.)

Plaintiff's argument misconstrues the Court's Order Granting Plaintiff's Request for an Interim Preliminary Injunction, in which the Public Trustee was enjoined from "undertaking any steps which would lead to a foreclosure sale of Plaintiff's Property as defined herein for 14 days from the date of this Order, in order to preserve the *status quo ante*."  (ECF No. 94 at 16.)  While preservation of the *status quo* was a factor the Court weighed in its decision to grant the Interim Preliminary Injunction (*see id.* at 10-11), the Court's Orders specifically and exclusively enjoined the proceeding challenged in Plaintiff's Complaint, namely the foreclosure proceeding under Rule 120.  (*Id.* at 16; ECF No. 120 at 4-5; Am. Compl. ¶¶ 10-24.)  Plaintiff's Motion does not allege that that injunction has been violated.[1]

Moreover, insofar as the Motion argues that the judicial foreclosure proceeding filed against the Property is inapplicable to Plaintiff (*see* ECF No. 158 at 4-5), such arguments must be raised before the state court with jurisdiction over that action and have no bearing on this case.  In sum, Plaintiff's Motion makes no tenable claim that any of the Defendants have violated any of the Court's orders.

As Plaintiff's Motion has demonstrated no entitlement to sanctions and the Court has identified no sanctionable conduct, the Court will not take any action to impose such sanctions, including any order enjoining the Rule 105 judicial foreclosure proceeding, which is not at issue in this case.  (*See* Am. Compl. ¶¶ 10-24.)

---

[1] Furthermore, even if the filing of the judicial foreclosure proceeding under Rule 105 were somehow construed to violate the Court's order, Plaintiff has provided no argument that any party other than Defendant US Bank is responsible for such alleged violation.

## III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion for an Order to Show Cause (ECF No. 158) is DENIED.  The parties shall bear their own costs.

Dated this 14th day of June, 2013.

BY THE COURT:

William J. Martínez
United States District Judge