IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-02716-WJM

LISA KAY BRUMFIEL,

    Plaintiff,

v.

U.S. BANK,
LARRY CASTLE, in his individual and corporate capacity, and
CASTLE STAWIARSKI, LLC,
ROBERT J. HOPP, in his and corporate and individual capacities,
CYNTHIA MARES, Public Trustee in her official capacity,
MERS, a division of MERSCorp, and
DOES 1-100,

    Defendants.

_____

**ORDER ON MOTIONS FOR REMOVAL, REMAND, AND JUDICIAL NOTICE**
_____

This matter is before the Court on *pro se* Plaintiff Lisa Kay Brumfiel's Motion for Leave to File a Notice of Removal (ECF No. 161), Defendant U.S. Bank's Motion to Remand (ECF No. 171), and Plaintiff's Requests for Judicial Notice (ECF Nos. 182 & 183). Plaintiff's Notice of Removal seeks to remove to this Court Arapahoe County District Court Case Number 2013-cv-825 (the "Arapahoe County Action"), in which Plaintiff is named as a defendant. (ECF No. 161-2.) Because, as set forth below, the Court finds that Plaintiff has not established grounds for removal, the Court grants U.S. Bank's Motion to Remand and remands the Arapahoe County Action to the Arapahoe County District Court.

## I.  BACKGROUND

On October 12, 2012, Plaintiff brought this action alleging, among other claims, that Defendant U.S. Bank's attempt to foreclose on her home, an action then proceeding under Colorado Rule of Civil Procedure 120, violates her constitutional right not to be deprived of her property without due process of law.  (ECF No. 45.)

On May 6, 2013, after Plaintiff had filed numerous motions to enjoin the Rule 120 proceeding, the Court granted an Interim Preliminary Injunction against the Public Trustee's execution of the Rule 120 foreclosure proceeding, and set an evidentiary hearing for a full preliminary injunction.  (ECF No. 94.)

On May 13, 2013, before the evidentiary hearing was scheduled to take place, Defendant U.S. Bank filed a Motion to Vacate the Preliminary Injunction Hearing, indicating that it had moved to withdraw the Rule 120 proceeding against Plaintiff. (ECF No. 116.)  U.S. Bank further consented to a permanent injunction against the use of the Rule 120 foreclosure process against Plaintiff, and stated its intention to file a judicial foreclosure action under Colorado Rule of Civil Procedure 105 in lieu of any Rule 120 proceeding.  (*Id.*)  As a result, the Court vacated the evidentiary hearing and granted Plaintiff's unopposed Motion for a Preliminary Injunction, enjoining U.S. Bank from proceeding with a Rule 120 foreclosure proceeding against Plaintiff's property. (ECF No. 120.)  On May 24, 2013, U.S. Bank filed the Arapahoe County Action, which is a judicial foreclosure action brought under Rule 105.  (*See* ECF No. 161 at 2.)

On June 4, 2013, Plaintiff filed her Motion for Leave to File a Notice of Removal. (ECF No. 161.)  The Notice of Removal was filed as an attachment to the Motion.  (ECF No. 161-2.)  U.S. Bank filed its Response to Plaintiff's Motion for Leave on June 6,

2013.  (ECF No. 163.)  Plaintiff's Reply was filed on June 11, 2013.  (ECF No. 166.)  Defendant U.S. Bank subsequently filed a Motion to Remand, seeking to remand the Arapahoe County Action to state court.  (ECF No. 171.)  Plaintiff filed a Response (ECF No. 179) and U.S. Bank filed a Reply (ECF No. 181).

Plaintiff then filed a Request for Judicial Notice on August 7, 2013 (ECF No. 182), and a second Request for Judicial Notice on August 12, 2013 (ECF No. 183).  U.S. Bank filed a Response to Plaintiff's Requests (ECF No. 184), and Plaintiff filed a Reply (ECF No. 185).

## II.  DISCUSSION

It is well-settled that the party invoking federal jurisdiction—the removing party—"bears the burden of proving that such jurisdiction exists."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) ("[T]he defendant is required to prove jurisdictional facts . . . ."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 (10th Cir. 1994) ("[T]he burden was on . . . the party invoking federal jurisdiction to show that it exists.").  To remove a case from state to federal court, a party must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Here, Plaintiff's Notice of Removal states that this Court has jurisdiction over the Arapahoe County Action based on 28 U.S.C. § 1443. (ECF No. 161-2.) Section 1443 states that a civil action may be removed to a federal district court where it is brought:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

*Id.* The Supreme Court has established a two part test for removal petitions under Section 1443. *Johnson v. Mississippi,* 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Id.* at 219 (internal quotation marks omitted); *see also People of State of Colo. v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*). The second part of the test requires a showing "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 213 (quoting 28 U.S.C. § 1443(1)).

Neither Plaintiff's Motion for Leave to File a Notice of Removal, nor the Notice of Removal itself, satisfies the requirements of Section 1443. Plaintiff contends that removal is proper because the state court in the Arapahoe County Action lacks jurisdiction over her property, and because the Colorado statute she is challenging in this case applies equally to the Arapahoe County Action. (ECF No. 161 at 3; ECF No. 166 at 2-6.) Regarding Plaintiff's allegation that the Arapahoe County District Court lacks jurisdiction, that court—not this one—is the proper forum for such a challenge. As for Plaintiff's assertion regarding the applicability of the challenged Colorado statute,

even assuming that the question of whether that statute denies her federal rights satisfies the second part of the Section 1443 test, Plaintiff still fails to satisfy the first part, as she has not shown that her claim arises under a civil rights law protecting racial equality. *See Johnson*, 421 U.S. at 213. Further, insofar as Plaintiff's due process challenge to the Colorado statute is a defense to the Arapahoe County Action, "a case may not be removed to federal court on the basis of a federal defense." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

In sum, removal is not appropriate under Section 1443 because Plaintiff has not shown that "the right allegedly denied [her] . . . arises under a federal law providing for specific civil rights stated in terms of racial equality," nor has Plaintiff asserted any other basis for removal.[1] *See id.* As it is Plaintiff's burden to demonstrate that removal is appropriate, the Court finds that Plaintiff has failed to meet that burden. *See Montoya*, 296 F.3d at 955. Finally, as Plaintiff's Requests for Judicial Notice all relate to her arguments regarding the challenged Colorado statute's applicability to the Rule 105 proceeding or the alleged misconduct of the Defendants, and do not support removal or pertain to any other pending motion, the Court denies those requests as moot. (*See* ECF Nos. 182 & 183.)

### III. CONCLUSION

For the reasons discussed above, the Court ORDERS as follows:

1. Plaintiff's Motion for Leave to File a Notice of Removal (ECF No. 161) is GRANTED and the Notice of Removal is accepted as filed;

---

[1] The Court notes that there is no indication that removal is proper based upon diversity jurisdiction under 28 U.S.C. 1441(b), nor that the Court has original jurisdiction over the Arapahoe County Action on any other basis.

2. Plaintiff's Requests for Judicial Notice (ECF Nos. 182 & 183) are DENIED AS MOOT; and

3. Defendant's Motion to Remand (ECF No. 171) is GRANTED and the Court REMANDS the Arapahoe County Action, Case Number 2013-cv-825, to Arapahoe County District Court.  The Clerk shall transmit the file.

Dated this 25th day of September, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge