**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-02716-WJM

LISA KAY BRUMFIEL,

    Plaintiff,

v.

U.S. BANK,
LARRY CASTLE, in his individual and corporate capacity, and
CASTLE STAWIARSKI, LLC,
ROBERT J. HOPP, in his and corporate and individual capacities,
CYNTHIA MARES, Public Trustee in her official capacity,
MERS, a division of MERSCorp, and
DOES 1-100,

    Defendants.

---

**ORDER GRANTING MOTIONS TO DISMISS**

---

*Pro se* Plaintiff Lisa Kay Brumfiel ("Plaintiff") has filed this action against Defendants U.S. Bank, Larry Castle, Castle Stawiarski, LLC, Robert J. Hopp, Cynthia Mares, MERS, and Does 1-100 contesting the foreclosure of her property. This matter is before the Court on four Motions to Dismiss ("Motions") filed by Defendants Larry Castle and Castle Stawiarski (the "Castle Defendants"), U.S. Bank, MERS, Cynthia Mares, and Robert J. Hopp (collectively "Defendants"). (ECF Nos. 51, 69, 90, 91). For the reasons set forth below, the Motions are granted.

**I. BACKGROUND**

On or about November 14, 2006, Plaintiff entered into a mortgage loan transaction secured by her primary residence located at 1499 S. Jasper Street, Aurora,

Colorado (the "Property"). (ECF No. 86 at 1.) Plaintiff subsequently failed to pay the amounts due under the (1) promissory note and (2) secured by the deed of trust against the Property. (ECF No. 86 at 2.) As a result, in October 2011, Defendant U.S. Bank commenced a non-judicial foreclosure action against the Property pursuant to Colorado Rule of Civil Procedure 120. (*Id.*) Plaintiff opposed the foreclosure, arguing in the Rule 120 proceeding that U.S. Bank is not the real party in interest and that it lacks standing to foreclose. (ECF No. 21-1 at 4-5.)

On December 30, 2011, Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of Colorado. (ECF No. 9-5.) Plaintiff was granted an Order of Discharge by the Bankruptcy Court on April 24, 2012. (ECF No. 9-6.)

On October 12, 2012, Plaintiff brought this action against the Castle Defendants and U.S. Bank, alleging procedural defects in the foreclosure process under Rule 120, common law tort claims, and constitutional claims. (ECF No. 1.) Among other alleged constitutional defects, Plaintiff's Complaint challenged Colorado Revised Statute § 38-38-101, which allows a foreclosing entity in a Rule 120 proceeding to obtain an order permitting foreclosure by simply providing a document signed by its attorney which certifies or states that the entity has the right to foreclose. (*See id.* (referring to "HB-1387," a Colorado bill amending § 38-38-101, which the Castle Defendants allegedly drafted). This statute obviates the requirement to submit the "original evidence of debt." *See* Colo. Rev. Stat. § 38-38-101(b)(III). Plaintiff's Complaint sought compensatory

and punitive damages, an order of mandamus[1], injunctive relief, and fees and costs. (ECF No. 1 at 14.)

On December 7, 2012, Plaintiff stipulated to an order authorizing the foreclosure sale and agreeing to vacate the Rule 120 hearing, noting in the stipulation that Plaintiff was contesting the constitutionality of the Rule 120 proceeding in her federal case. (ECF No. 51-8 at 2.) Based upon this stipulation, an order authorizing the foreclosure sale was entered in the Rule 120 proceeding. (ECF No. 51-9.)

On March 22, 2013, Plaintiff filed an Amended Complaint adding Defendants Robert J. Hopp, MERS, and Cynthia Mares, the Arapahoe County Public Trustee. (ECF No. 45.) Plaintiff's Amended Complaint sought compensatory and punitive damages, an injunction against the Rule 120 proceeding and foreclosure sale by the Public Trustee, and fees and costs. (*Id.*)

On April 5, 2013, the Castle Defendants filed a Motion to Dismiss. (ECF No. 51.) U.S. Bank and MERS then filed their own Motion to Dismiss on April 12, 2013. (ECF No. 69.) Plaintiff filed a single Response to both Motions (ECF No. 83), and the Castle Defendants, U.S. Bank, and MERS filed Replies (ECF Nos. 126 & 146). On May 3, 2013, Defendants Cynthia Mares and Robert J. Hopp filed Motions to Dismiss (ECF

---

[1] Plaintiff's original Complaint asked the Court to "require the lender to show by 'clear and convincing' evidence that the lender is the real party in interest or [in the] alternative require referral to a judicial foreclosure [under] Rule 105 which is compliant with due process." (ECF No. 1 at 14.) Plaintiff's Amended Complaint withdrew this request. (*See* ECF No. 45 at 18.) It is notable, after U.S. Bank withdrew the challenged Rule 120 foreclosure proceeding and initiated a judicial foreclosure under Rule 105, that Plaintiff now finds fault in the due process afforded her in the Rule 105 proceeding. (*See, e.g.*, ECF No. 183.) Regardless, Plaintiff's Amended Complaint makes clear that her claims challenge § 38-38-101 as applied to the Rule 120 process (*see* ECF No. 45 at 2, 5-18); thus, any argument she now raises against the Rule 105 process is outside the scope of the claims brought in the instant case.

Nos. 90 & 91), to which Plaintiff filed a single Response (ECF No. 142). Defendants Mares and Hopp filed Replies. (ECF Nos. 160 & 162.)

On May 6, 2013, prior to the foreclosure sale, the Court granted Plaintiff's motion for emergency injunctive relief, entered an Interim Preliminary Injunction against the Public Trustee's execution of the foreclosure sale, and set an evidentiary hearing for a full preliminary injunction. (ECF No. 94.) On May 13, 2013, before the hearing took place, U.S. Bank moved to vacate the hearing, indicating that it had filed a withdrawal of the Rule 120 proceeding in Arapahoe County District Court and asserting that Plaintiff's request for injunctive relief was now moot. (ECF No. 116.) U.S. Bank further consented to a permanent injunction against the use of the Rule 120 foreclosure process against the Property, and stated its intention to file a judicial foreclosure action under Colorado Rule of Civil Procedure 105 in lieu of any Rule 120 proceeding. (*Id.*)

As a result, the Court vacated the evidentiary hearing and granted Plaintiff's now unopposed Motion for a Preliminary Injunction, which enjoined the challenged Rule 120 process against the Property and prevented the Public Trustee from executing the foreclosure sale. (ECF No. 120.) The Court found that any determination of mootness was premature, as Plaintiff had opposed the withdrawal of the Rule 120 proceeding, and the Court had received no notice of any ruling by the state court on the motion to dismiss the foreclosure action. (*Id.*)

On May 21, 2013, the Arapahoe County District Court granted U.S. Bank's motion to dismiss the Rule 120 proceeding. (ECF No. 142-3.) On May 24, 2013, U.S. Bank filed a judicial foreclosure action under Rule 105 in Arapahoe County District Court. (*See* ECF No. 161 at 2.)

## II. LEGAL STANDARD[2]

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in

---

[2] Although Defendants' Motions include arguments for dismissal pursuant to both Rules 12(b)(1) and 12(b)(6), the Court addresses herein only Rule 12(b)(1) because it is dispositive of the Motions.

which it becomes apparent that jurisdiction is lacking." *See id*.

## III. ANALYSIS

Article III of the United States Constitution limits a federal court's jurisdiction to the adjudication of "cases" or "controversies." U.S. Const. Art. III, § 2. This "bedrock requirement," *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982), protects the system of separated powers and respect for the coequal branches by restricting the province of the judiciary to "decid[ing] on the rights of individuals." *Marbury v. Madison*, 5 U.S. 137, 170 (1803). Indeed, "'[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)).

Defendants' Motions raise myriad arguments against each of Plaintiff's claims, arguing that dismissal is required both under Rule 12(b)(1) because the Court lacks jurisdiction, and under Rule 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted. (*See* ECF Nos. 51, 69, 90, 91.) Because the jurisdictional questions are dispositive of the Motions, the Court will begin its analysis with those arguments.

### A. Damages

Plaintiff's Amended Complaint requests damages, injunctive relief, and fees and costs. (ECF No. 45 at 18.) The Motions filed by the Castle Defendants and U.S. Bank both contend that Plaintiff has no standing to request monetary damages because, after Plaintiff's bankruptcy, she is no longer the real party in interest with respect to her

damages claims, which are instead owned by the bankruptcy trustee.  (ECF No. 51 at 4; ECF No. 69 at 6-10.)

Of the justiciability doctrines created to enforce the case-or-controversy requirement, "perhaps the most important of these doctrines" is the requirement that "a litigant have 'standing' to invoke the power of a federal court." *Allen v. Wright*, 486 U.S. 737, 750 (1984).  "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."  *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

The Tenth Circuit "has repeatedly characterized standing as an element of subject matter jurisdiction."  *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012).  Thus, Plaintiff bears the burden of establishing that jurisdiction exists, and that she has standing to pursue her claims.  *See Basso*, 495 F.2d at 909. To demonstrate that a plaintiff has standing to assert a claim, three elements are required:

> [1] The plaintiff must have suffered an injury in fact . . . ,
> [2] there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and . . .
> [3] it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

Defendants contend that Plaintiff lacks standing to pursue her damages claims because her alleged monetary injury is not likely redressable; that is, any award from a

favorable decision would be owned not by Plaintiff, but by the trustee of her bankruptcy estate. This is so because Plaintiff's claims accrued prior to her bankruptcy petition, she failed to disclose those claims as assets in her bankruptcy schedules, and therefore her claims, as with all unscheduled assets, remain property of the bankruptcy estate and she has lost any right to enforce them. (ECF No. 69 at 9-10.)

The Court agrees. The filing of a bankruptcy petition transforms the filing party's "legal or equitable interests" into property of the bankruptcy estate, at which point the bankruptcy trustee becomes the real party in interest with respect to those claims. 11 U.S.C. §§ 323(a), 541(a); see Eastman v. Union Pac. R.R. Co., 493 F.3d 1151, 1159 (10th Cir. 2007) ("The bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims. . . . That duty encompasses disclosure of all legal claims and causes of action, pending or potential, which a debtor might have."); see also Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1297 (11th Cir. 2003). While this requirement does not apply to Plaintiff's claims for injunctive relief, it does apply to any claims with monetary value that accrued prior to the bankruptcy. See Barger, 348 F.3d at 1297 ("Barger's claim for injunctive relief . . . would have added nothing of value to the bankruptcy estate even if she properly disclosed it. Therefore, . . . [her failure to disclose does] not prohibit Barger from pursuing any claims for injunctive relief that she may have."). Therefore, Plaintiff's claims for damages are not redressable such that she could obtain relief from a favorable decision of this Court.

Plaintiff argues that she retains standing to assert her damages claims because they did not accrue prior to filing her bankruptcy petition. (ECF No. 83 at 3-9.) Plaintiff

8

contends that her damages claims did not accrue until she became aware of Defendants' alleged conspiracy to deprive her of due process through their drafting of the amendments to § 38-38-101, and that the accrual date was further deferred because she continued to incur damages after the bankruptcy was filed. (*Id.*) In response, Defendants argue that Plaintiff demonstrated her awareness of the alleged procedural defects she challenges in the instant case when she opposed the Rule 120 proceeding in October and November 2011, wherein she argued that U.S. Bank could not prove its right to foreclose. (ECF No. 69 at 3-5, 9-10.)

The Court finds that Plaintiff's claims accrued prior to the filing of the bankruptcy petition. The challenged amendments to § 38-38-101 were drafted in 2006 and became effective in 2008—nearly four years before Plaintiff filed for bankruptcy protection. *See* 2006 Colo. Legis. Serv. Ch. 305 (H.B. 06-1387); Colo. Rev. Stat. § 38-38-101, Credits ("Repealed and reenacted by Laws 2006, Ch. 305, § 7, eff. Jan. 1, 2008."). The instigation of the Rule 120 foreclosure proceeding, which applied the provisions of § 38-38-101 to Plaintiff's Property, and Plaintiff's opposition thereto, occurred in October and November 2011. (*See* ECF No. 86 at 2.) Once the Rule 120 foreclosure was initiated and Plaintiff attempted to assert her real party in interest defense, she had reason to know of the damages the alleged conspiracy would cause her. She filed her bankruptcy petition more than a month later, on December 30, 2011. (ECF No. 9-5.)

To the extent that Plaintiff's assertion that she was unaware of the facts constituting her damages claims can be construed as a request to excuse her failure to disclose those claims during her bankruptcy proceeding due to inadvertence or mistake,

9

the Court finds this principle inapplicable here. *See Eastman*, 493 F.3d at 1157 (a debtor's failure to disclose is deemed inadvertent or mistaken "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment") (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)). It is apparent through Plaintiff's filings in her Rule 120 proceeding that she had enough information to apprise her of her possible cause of action. *See In re Coastal Plains*, 179 F.3d at 208 ("if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then it is a 'known' cause of action such that it must be disclosed.").

In sum, because Plaintiff's claims for monetary damages were not disclosed during her bankruptcy proceeding, those claims are the property of the bankruptcy estate. Therefore, the bankruptcy trustee is the real party in interest with respect to those claims, and Plaintiff lacks standing to bring them. Accordingly, Defendants' Motions are granted to the extent they seek dismissal of Plaintiff's claims for damages.

**B.     Injunctive Relief**

While Defendants do not dispute that Plaintiff's claim for injunctive relief survives her bankruptcy petition, they argue instead that this claim did not survive the withdrawal of the Rule 120 proceeding, and that such claim is now moot. (*See* ECF No. 116 at 3-6.)

Mootness, another doctrine used to enforce the case-or-controversy requirement, requires a federal court to dismiss a claim when a favorable decision from the court would have no effect on the rights of the litigants in the case. *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *see also Murphy v. Hunt*, 455 U.S. 478, 481

(1982) ("a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (internal quotation marks omitted).  Because U.S. Bank has already agreed to a permanent injunction on the use of the Rule 120 foreclosure proceeding against Plaintiff's Property (*see* ECF No. 116 at 3), Defendants argue that there is no longer any live controversy with respect to that proceeding, because "[t]here is no Rule 120 Public Trustee Foreclosure affecting this Plaintiff or this Property for this Court to enjoin." (*Id.* at 2.)  Accordingly, Defendants contend that the Court should dismiss Plaintiff's remaining claim for injunctive relief.

Plaintiff does not dispute the fact that the Rule 120 proceeding has been withdrawn, and that there is no longer any such proceeding for the Court to enjoin. Rather, Plaintiff contends that her case falls under an exception to mootness doctrine, which permits a moot case to proceed where the dispute is "capable of repetition, yet evading review."[3]  (ECF No. 142 at 8-10.)  The Supreme Court has held this exception to be "limited to the situation where two elements combine[]: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."  *Murphy*, 455 U.S. at 482 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (*per curiam*)).

---

[3] Plaintiff also argues that her case falls under a "public importance" exception to mootness doctrine, citing to Colorado state case law. (ECF No. 142 at 8.)  However, that exception is not recognized in a federal court, where Article III limits the Court's jurisdiction.  *Cf. DeFunis*, 416 U.S. at 316 ("Although as a matter of Washington state law it appears that this case would be saved from mootness by 'the great public interest in the continuing issues raised by this appeal,' the fact remains that under Art. III, '(e)ven in cases arising in the state courts, the question of mootness is a federal one which a federal court must resolve before it assumes jurisdiction.'") (internal quotations omitted).

Because the Rule 120 proceeding was terminated prior to the completion of Plaintiff's due process challenge, the first of the elements of the mootness exception—the short duration—is satisfied.  However, Plaintiff has failed to satisfy the second element by showing a reasonable expectation that she, "the same complaining party," will be subjected to the challenged Rule 120 process again.  Instead, it is apparent that U.S. Bank's commencement of a judicial foreclosure under Rule 105 obviates any need for it to pursue foreclosure of Plaintiff's Property via any other method.  Under these circumstances, it would be unreasonable to expect Plaintiff to face another Rule 120 proceeding against her Property.  Therefore, the Court finds that the "capable of repetition, yet evading review" exception to the mootness doctrine does not apply to Plaintiff's injunctive claims.

Because Plaintiff's request for injunctive relief can no longer be remedied by this Court due to the withdrawal of the challenged proceeding, the Court finds that Plaintiff's injunctive claims are moot.  Accordingly, dismissal is appropriate with regard to those claims.  As Article III restricts the Court's jurisdiction such that it extends over neither Plaintiff's damages claims, nor her injunctive claims, the Court finds that it lacks jurisdiction over the entirety of Plaintiff's Amended Complaint.  Therefore, the Court must dismiss the Amended Complaint pursuant to Rule 12(b)(1).

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motions to Dismiss the Amended Complaint (ECF Nos. 51, 69, 90, 91) are GRANTED due to lack of jurisdiction;

2. Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE in its entirety; and

3. Judgment shall be entered in favor of Defendants, and Defendants shall have their costs.

Dated this 2nd day of October, 2013.

BY THE COURT:

William J. Martinez
United States District Judge