**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-02716-WJM

LISA KAY BRUMFIEL,

     Plaintiff,

v.

U.S. BANK,
LARRY CASTLE, in his individual and corporate capacity, and
CASTLE STAWIARSKI, LLC,
ROBERT J. HOPP, in his and corporate and individual capacities,
CYNTHIA MARES, Public Trustee in her official capacity,
MERS, a division of MERSCorp, and
DOES 1-100,

     Defendants.

---

### ORDER OF REMAND

---

     This matter is before the Court *sua sponte* on Plaintiff Lisa Kay Brumfiel's Notice of Removal ("Notice").  (ECF No. 202.)  The Notice removes Case Number 2013-cv-825 (the "Arapahoe County Action"), in which Plaintiff is a named defendant, from the Arapahoe County District Court to this Court.  (ECF No. 202-3 at 3-4.)  In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

In the Notice, Plaintiff avers that the Court has jurisdiction over the Arapahoe County Action pursuant to 28 U.S.C. § 1332(a).  (ECF No. 202-3 at 4.)  Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  A Notice of Removal generally must be filed within thirty days after the defendant receives the initial pleading in the case.  28 U.S.C. § 1446(b).  Here, the Notice alleges that the plaintiffs and defendants in the Arapahoe County Action are citizens of different states and that the amount in controversy exceeds $75,000.00.[1]  (ECF Nos. 202 at 2; 202-3 at 4.)  Therefore, the question before the Court is whether Plaintiff's Notice of Removal was timely filed.

Under Section 1446(b), the thirty-day clock to remove a case from state court to federal court starts running once a defendant has received:

> a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b) (emphasis added).  "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective'

---

[1] Although the Notice does not explicitly make these statements, it is apparent from Plaintiff's recitation of the relevant statutes and the parties' states of citizenship that she intends to so assert.  (*See* ECF No. 202.)  As Plaintiff is proceeding *pro se*, the Court must liberally construe her pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)). Moreover, the thirty-day time limitation set forth in 28 U.S.C. § 1446(b) is not a jurisdictional requirement, "but it is a procedural requirement that is strictly enforced." *McShares Inc. v. Barry*, 979 F. Supp. 1338, 1343 (D. Kan. 1997); *see also Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.,* 98 F. App'x 752, 756 (10th Cir. 2004) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)) ("[B]ecause federal removal jurisdiction is statutory in nature, it is strictly construed. . . . [A]ll doubts are to be resolved against removal.").

Plaintiff argues that her Notice is timely in accordance with the "other paper" provision of 28 U.S.C. § 1446(b)(3), because the plaintiffs in the Arapahoe County Action did not state their citizenship in their summons and complaint, and thus she was unaware of the diversity of citizenship until September 30, 2013 when she "ran across" an order from the Southern District of New York involving the same parties.  (ECF No. 202 at 2.)  The Court disagrees.

The "other paper" requirement of Section 1446(b)(3) applies only "if the case stated by the initial pleading is not removable."  Here, Plaintiff states that her co-defendants to the Arapahoe County Action were "fraudulently joined . . . to make it non-removable for diversity purposes at the time of the first removal notice," and therefore argues that the instant Notice is timely under Section 1446(b)(3).  (ECF No. 202 at 6.) Without deciding Plaintiff's claim regarding fraudulent joinder, Plaintiff has not asserted, and there is no indication in the papers here, that the parties to the Arapahoe County Action have become diverse since the initial filing due to the joinder or dismissal of any

party.  Thus, any fraudulent joinder argument could have been made within thirty days of the initial filing.  Nevertheless, Plaintiff asserts that the unrelated order involving the opposing parties in the Southern District of New York is the "other paper" altering the removal analysis.  (*See* ECF No. 202 at 4.)  However, as Plaintiff's own citation acknowledges, that court issued the relevant order on May 7, 2012, before the Arapahoe County Action was filed.  (*Id.*)  Such an unrelated filing is neither the type of "other paper" contemplated by Section 1446(b)(3), nor did it arise after the initial pleading was filed in the Arapahoe County Action.  *See, e.g.*, *Huffman*, 194 F.3d at 1078 (holding that "other paper," construed broadly, encompasses discovery documents, including written discovery and deposition testimony).  Accordingly, Section 1446(b)(3) does not make this Notice timely.

Nor is Plaintiff's lack of awareness of the parties' diversity sufficient to toll the thirty-day clock.  The Summons and Complaint in the Arapahoe County Action were filed on May 24, 2013, and Plaintiff filed a prior Notice of Removal on June 4, 2013, asserting that the Arapahoe County Action was removable pursuant to 28 U.S.C. § 1443.  (ECF No. 161-1.)  The Court rejected Plaintiff's theory and remanded the Arapahoe County Action on September 26, 2013, noting that Plaintiff had asserted no other basis for removal.  (ECF No. 196 at 5.)  Plaintiff has been in litigation with the relevant parties before this Court since October 2012, and has had notice of her opposing parties' intent to file the Arapahoe County Action since at least May 13, 2013, when Defendant U.S. Bank notified the Court of that intent.  (*See* ECF No. 116.)

Based on the foregoing, Plaintiff had substantial reason to know the diverse citizenship of the parties in the Arapahoe County Action since before its inception.

Despite this, Plaintiff inexplicably waited more than four months (until September 30, 2013) to "investigate[ ] on the internet" the citizenship of the opposing parties. (*See* ECF No. 202 at 7.)  There is no reason Plaintiff could not have performed such an investigation prior to filing her initial timely Notice of Removal on June 4, 2013; she simply chose not to do so in reliance on the grounds for removal she asserted therein. (*See* ECF No. 161.)  While she was obviously free to make this tactical decision, at this juncture of the proceedings she must live with the consequences of that decision. Therefore, the Court concludes that Plaintiff's Notice is untimely and remand of this case to Arapahoe County District Court is appropriate.  *See Huffman*, 194 F.3d at 1077; *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) ("[U]ntimely removal [is] precisely the type of removal defect contemplated by § 1447(c).").

Furthermore, and should Plaintiff attempt to file any additional untimely Notices of Removal, the Court notes that pursuant to 28 U.S.C. § 1441, any "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Though Plaintiff asserts that her co-defendants were improperly joined, she has not contested the propriety of her own joinder or service, and admits that she is a citizen of Colorado, where the Arapahoe County Action was brought.  (*See* ECF No. 202 at 7.)  Thus, pursuant to 28 U.S.C. § 1441(b)(2), the Arapahoe County Action may not be removed solely on the basis of diversity of the parties.

Accordingly, it is ORDERED that the Clerk of Court shall remand Case Number 2013-cv-825 to the Arapahoe County District Court.

5

Dated this 4th day of October, 2013.

BY THE COURT:

William J. Martínez
United States District Judge