IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-02716-WJM-MEH

LISA KAY BRUMFIEL,

    Plaintiff,

v.

U.S. BANK,
LARRY CASTLE, in his individual and corporate capacities,
CASTLE STAWIARSKI, LLC,
ROBERT J. HOPP, in his individual and corporate capacities,
CYNTHIA MARES, Public Trustee in her official capacity,
MERS, a division of MERSCorp, and
DOES 1-100,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT

This matter is before the Court on *pro se* Plaintiff Lisa Kay Brumfiel's "Motion to Alter and Amend the Judgment Pursuant to the Plaintiff's Objections on the Court's Conclusions of Law and Leave to Include a Diversity Jurisdiction § 1332 Noted By the Removal Notice" ("Motion"). (ECF No. 205.) Plaintiff asks the Court to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) on the grounds that the Court misconstrued the facts and law. (*Id.*) For the following reasons, Plaintiff's Motion is denied.

### I.  BACKGROUND

On October 12, 2012, Plaintiff brought this action alleging procedural defects in the foreclosure process under Colorado Rule of Civil Procedure 120 and Colorado Revised Statute § 38-38-101, common law tort claims, and constitutional claims. (ECF

No. 1.)  Plaintiff amended her Complaint on March 22, 2013, adding new defendants. (ECF No. 45.)  In April and May of 2013, the various Defendants filed four Motions to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF Nos. 51, 69, 90 & 91.)  On October 2, 2013, the Court issued an Order granting the Motions to Dismiss pursuant to Rule 12(b)(1).  (ECF No. 200.)  A Final Judgment against Plaintiff was entered on October 4, 2013.  (ECF No. 203.)

On October 7, 2013, Plaintiff filed the instant Motion.  (ECF No. 205.)  On October 28, 2013, Responses to the Motion were filed by Defendant Cynthia Mares (ECF No. 211), Defendants Larry Castle and Castle Stawiarski (ECF No. 212), and Defendant U.S. Bank (ECF No. 213).  Defendant MERS subsequently joined in the latter two Responses.  (ECF No. 214.)  On November 5, 2013, Plaintiff filed a Reply. (ECF No. 216.)

## II.  DISCUSSION

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party.  Fed. R. Civ. P. 59(e).  "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).  Accordingly, the Court may amend the judgment in its discretion where there has been an intervening change in the controlling law, new evidence that was previously unavailable has come to light, or the Court sees a need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "A motion for reconsideration is

appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor. . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1076 (D. Colo. 2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

Plaintiff argues that the Court erred in granting Defendants' Motions to Dismiss for four reasons: (1) dismissal of the claims for damages was premature and Plaintiff should have been given the opportunity to join the bankruptcy trustee if he is the real party in interest; (2) Plaintiff was unaware of her damages claims prior to bankruptcy and therefore they had not yet accrued when she filed for bankruptcy; (3) Plaintiff's injunctive claims are not moot because the challenged statute can apply to judicial foreclosures; and (4) Plaintiff's injunctive claims are not moot because they are applicable to other members of the public.  (ECF No. 205 at 6-15.)  Plaintiff makes no argument that there has been a change in law or that new evidence has become available; thus, the Court must find clear error or manifest injustice in order to grant Plaintiff's Motion.  *See Servants of the Paraclete*, 204 F.3d at 1012.

The Court has carefully analyzed the Motion, the Order granting the Motions to Dismiss, and the briefing on the underlying Motions to Dismiss.  Based on that analysis, the Court concludes that its Order was not clearly erroneous.  Furthermore, Plaintiff's Motion merely "revisit[s] issues already addressed . . . [and] advance[s] arguments that could have been raised in prior briefing."  *See id.*  Accordingly, the Court finds that

Plaintiff has failed to meet her burden under Rule 59(e), and the Motion to Amend the Judgment must be denied.

Finally, the title—though not the text—of Plaintiff's Motion also requests leave to add an allegation of diversity jurisdiction to a Notice of Removal.  (ECF No. 205 at 1.)  This request pertains to Plaintiff's prior attempt to remove a related state case to this Court.  (*See* ECF No. 202.)  The Court found the Notice of Removal untimely and remanded the state case.  (ECF No. 204.)  Accordingly, to the extent that Plaintiff's Motion is construed as a request to amend the Notice of Removal, that request is denied as moot.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion to Alter and Amend the Judgment (ECF No. 205) is DENIED.

Dated this 14th day of August, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge