**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-02716-WJM-MEH

LISA KAY BRUMFIEL,

    Plaintiff,

v.

U.S. BANK,
LARRY CASTLE, in his individual and corporate capacities,
CASTLE STAWIARSKI, LLC,
ROBERT J. HOPP, in his individual and corporate capacities,
CYNTHIA MARES, Public Trustee in her official capacity,
MERS, a division of MERSCorp, and
DOES 1-100,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

---

This matter is before the Court on *pro se* Plaintiff Lisa Kay Brumfiel's Motion for Relief from Judgment or Order and Request for Expedited Hearing ("Rule 60(b) Motion"). (ECF No. 225.) Plaintiff asks the Court for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) on the basis of newly discovered evidence. (*Id.*) For the following reasons, Plaintiff's Rule 60(b) Motion is denied.

## I. BACKGROUND

On October 12, 2012, Plaintiff brought this action alleging procedural defects in the foreclosure process under Colorado Rule of Civil Procedure 120 and Colorado Revised Statute § 38-38-101, as well as common law tort claims and constitutional claims. (ECF No. 1.) Plaintiff amended her Complaint on March 22, 2013 to add new defendants. (ECF No. 45.) In April and May of 2013, the various Defendants filed four

Motions to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF Nos. 51, 69, 90 & 91.)  On October 2, 2013, the Court issued an Order granting the Motions to Dismiss pursuant to Rule 12(b)(1) ("Dismissal Order"), holding that Plaintiff lacked standing to assert her claims for monetary damages, and that Plaintiff's claims for injunctive relief were moot.  (ECF No. 200.)  A Final Judgment against Plaintiff was entered on October 4, 2013.  (ECF No. 203.)

On October 7, 2013, Plaintiff a Motion to Alter and Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).  (ECF No. 205.)  On October 16, 2013, Plaintiff filed an Emergency Motion for a Limited Evidentiary Hearing on the 12(b)(1) Jurisdictional Issue, in which she requested reconsideration of the Dismissal Order.  (ECF No. 207).  On October 17, 2013, the Court construed Plaintiff's Emergency Motion as a duplicate motion for Rule 59(e) relief, and thus denied the Emergency Motion.  (ECF No. 208.)  On August 14, 2014, the Court denied Plaintiff's Motion to Alter and Amend the Judgment.  (ECF No. 224.)

On August 25, 2014, Plaintiff filed the instant Rule 60(b) Motion.  (ECF No. 225.)  The Court directed Defendants to file any responses on or before September 3, 2014, and ordered that no reply from Plaintiff would be accepted.  (ECF No. 227.)  Before Defendants' Responses were filed, Plaintiff filed an "*Ex Parte* Emergency Motion for Order to Extend or Renew Preliminary Injunction or In the Alternative Issue a New TRO" ("Emergency Motion") in which she seeks to enjoin the foreclosure sale of the property that is the subject of this action.  (ECF No. 229.)  Given the pending Rule 60(b) Motion, the Court ordered that it would not rule on the Emergency Motion until after Defendants' deadline to respond to the Rule 60(b) Motion had elapsed.  (ECF No. 232).

Defendants' Responses were timely filed on September 2 and 3, 2014.[1]  (ECF Nos. 234, 235, 236, 238.)  The Rule 60(b) Motion is now ripe for disposition.

## II.  DISCUSSION

Rule 60(b) permits a Court to grant relief from a final judgment or order for specified reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," "fraud . . . , misrepresentation, or misconduct by an opposing party," or "the judgment is void." Fed. R. Civ. P. 60(b)(2), (3), (4).  "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'  'Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.'" *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)) (internal citations omitted). Such motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012.  Thus, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).  Whether to grant a Rule 60(b) motion

---

[1] The Response filed by Defendants Larry Castle and Castle Stawiarski, LLC also requests attorneys' fees.  (ECF No. 235 at 7.)  The Court declines to consider this request, as it violates both Local Rule D.C.COLO.LCivR. 7.1(c) ("A motion shall not be included in a response or reply") and this Court's Revised Practice Standard III.B. ("All requests for the Court to take any action . . . must be contained in a separate, written motion").

rests within the trial court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

Plaintiff's Rule 60(b) Motion raises three arguments that relief from judgment is warranted here: (1) Plaintiff has newly discovered evidence of forgery and fraud by Defendants; (2) Plaintiff has negotiated with the bankruptcy trustee and has obtained standing to bring the claims for monetary damages that are part of the bankruptcy estate; and (3) Defendants U.S. Bank, Castle Law Group, and their counsel have committed fraud on the court. (ECF No. 225 at 2-14.)

In her Motion, Plaintiff cites Rule 60(b)(2), which permits relief from a judgment based on newly discovered evidence. (ECF No. 225 at 1.) Where a party seeks a new trial based on newly discovered evidence, the moving party must show:

> (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result.

*Zurich N. Am.*, 426 F.3d at 1290 (citing *Graham v. Wyeth Lab.*, 906 F.2d 1399, 1416 (10th Cir. 1990)) (brackets omitted). While Plaintiff does not seek a new trial here, she does seek reconsideration of the Dismissal Order. Plaintiff contends that she has received a letter from a third party purporting to possess the original Promissory Note and Deed of Trust, and has obtained a report by an expert who has examined those purported originals in the possession of Defendants and has declared them to be forgeries. (ECF No. 225 at 2-3.) Plaintiff argues that this evidence proves her assertions in her Amended Complaint that Defendants lack the documentation required to foreclose. (*Id.* at 3-14.) However, even assuming that these documents constitute

Case 1:12-cv-02716-WJM-MEH   Document 240   Filed 09/05/14   USDC Colorado   Page 5 of 9

evidence that was newly discovered, they do not alter the analysis in the Dismissal Order, because they do not show that Plaintiff has standing to bring her claims for damages that accrued prior to bankruptcy, nor do they alter the mootness analysis that applies to Plaintiff's injunctive claims. Thus, this newly discovered evidence does not provide reason to vacate the judgment under Rule 60(b)(2) because it is immaterial to the challenged Dismissal Order and would not produce a different result. *See Zurich N. Am.*, 426 F.3d at 1290.

With respect to Plaintiff's assertion that she has reopened her bankruptcy case and regained ownership of her damages claims, such an alleged change in circumstances does not constitute "newly discovered evidence". *See id.* Furthermore, Plaintiff's assertion appears to be unfounded. She has filed a copy of an agreement between herself and the bankruptcy trustee that states that "[t]he Trustee shall file a notice of abandonment concerning any claim or standing he may have in the Debtor's State and Federal cases, thus allowing the Debtor to freely litigate her claims." (ECF No. 225-3 ¶ 1.) However, no proof of such abandonment has been filed; instead, Defendant U.S. Bank has filed a copy of a Motion to Approve Settlement Agreement that it filed jointly with the bankruptcy trustee, which states that U.S. Bank intervened when the trustee indicated an intention to abandon the claims, and has since agreed to settle those claims. (ECF No. 236-1.) Thus, Plaintiff has failed to present newly discovered evidence that would alter the standing analysis in the Dismissal Order, and this argument provides no reason to vacate the judgment.

Although Plaintiff does not cite Rules 60(b)(3) or (4), she makes arguments that could be construed as falling under those subsections.[2]  Plaintiff contends that Defendants have committed "fraud on the Court", which could fall under Rule 60(b)(3). (ECF No. 225 at 5.)  However, "[f]raud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. . . .  It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the court have been directly corrupted."  *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (*en banc*). Plaintiff's allegation that Defendants "fil[ed] false documents to steal homes through a wrongful foreclosure process" (ECF No. 225 at 6) does not constitute a fraud on the Court, nor could any such fraud have resulted in the Dismissal Order or judgment in the instant case, as the Dismissal Order was based not on the validity of the foreclosure process but on justiciability grounds.  (*See* ECF No. 200.)  Plaintiff's contentions of fraud go to the merits of her claims, not the analytical grounds for the Dismissal Order.

Similarly, Plaintiff does not cite Rule 60(b)(4), but she argues that the judgment is "voidable" and is subject to Rule 60(b) because Defendants' attempt to foreclose was "manufactured on fraud and therefore any judgment is rendered void *ab initio* . . . ." (ECF No. 225 at 3.)  Even if Plaintiff's allegations of forged documents are taken as true, however, the judgment is not rendered void.  *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("A judgment is not void, for example, simply

---

[2] As Plaintiff is proceeding *pro se*, the Court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

6

because it is or may have been erroneous.") (internal quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. The fraud alleged in Plaintiff's Rule 60(b) Motion does not constitute a jurisdictional defect or evidence a deprivation of procedural due process.

In sum, none of the arguments raised in Plaintiff's Rule 60(b) Motion provide any reason to grant relief from the judgment. Apart from the arguments discussed above, the Rule 60(b) Motion merely "revisit[s] issues already addressed . . . [and] advance[s] arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. Accordingly, the Court finds that Plaintiff has failed to meet her burden under Rule 60(b), and the Motion must be denied.[3]

Plaintiff has now filed a total of three post-judgment motions requesting reconsideration of the Dismissal Order. (ECF Nos. 205, 207, 225.) All three of these motions were meritless, and largely raised arguments that were, or could have been, raised in the briefing on the underlying Motions to Dismiss. (*See* ECF Nos. 208, 224.) Plaintiff has caused the Court and opposing parties to needlessly expend resources in this case, and has exhausted the Court's patience. Therefore, pursuant to the Court's inherent power to manage the cases before it and deter frivolous filings, **the Court will not entertain any further motions from Plaintiff seeking post-judgment relief.** *See*

---

[3] Plaintiff also requests a hearing on her allegations of fraud. (ECF No. 225 at 1.) As the Court has found no merit to the Rule 60(b) Motion, no hearing is necessary. Plaintiff's request is therefore denied.

*Overton v. United States*, 48 F. App'x 295, 302 (10th Cir. 2002) (citing *Judd v. Univ. of N.M.*, 204 F.3d 1041, 1043-45 (10th Cir. 2000), and *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Should Plaintiff persist in maintaining that the Court has erred, she may file an appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) and 4(a)(4).

Finally, while the instant Motion was pending, Plaintiff filed an "*Ex Parte* Emergency Motion for Order to Extend or Renew Preliminary Injunction or In the Alternative Issue a New TRO." (ECF No. 229.) Because all claims have been dismissed in this matter, final judgment has been entered, and Plaintiff's post-judgment motions have all been denied, the Court lacks jurisdiction over Plaintiff's new request. Accordingly, Plaintiff's Emergency Motion is denied.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Motion for Relief from Judgment or Order and Request for Expedited Hearing (ECF No. 225) is DENIED;

2. Plaintiff's *Ex Parte* Emergency Motion for Order to Extend or Renew Preliminary Injunction or In the Alternative Issue a New TRO (ECF No. 229) is DENIED; and

3. **Plaintiff is prohibited from filing any further motions seeking post-judgment relief in this action. Violation of this Order by Plaintiff may subject her to the imposition of sanctions by the Court.**

Dated this 5th day of September, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge