**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-02716-WJM-MEH

LISA KAY BRUMFIEL,

      Plaintiff,

v.

U.S. BANK,
LARRY CASTLE, in his individual and corporate capacities,
CASTLE STAWIARSKI, LLC,
ROBERT J. HOPP, in his individual and corporate capacities,
CYNTHIA MARES, Public Trustee in her official capacity,
MERS, a division of MERSCorp, and
DOES 1-100,

      Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES**

---

*Pro se* Plaintiff Lisa Kay Brumfiel brought this action against Defendants Larry

Castle, Castle Stawiarski, LLC (together "Defendants"), and others, alleging procedural

defects in the foreclosure process under Colorado Rule of Civil Procedure 120 and

Colorado Revised Statute § 38-38-101, as well as common law tort claims and

constitutional claims.  (ECF No. 1.)  The Court granted Defendants' Motions to Dismiss

(ECF No. 200), and Final Judgment was entered in favor of Defendants and against

Plaintiff on October 4, 2013.  (ECF No. 203.)  Plaintiff subsequently filed three post-

judgment motions requesting reconsideration of the Court's Order dismissing the case.

(ECF Nos. 205, 207, 225.)  All three motions were denied as meritless.  (ECF Nos. 208,

224, 240.)  This matter is now before the Court on Defendants' Motion for Attorney

Fees Pursuant to Fed. R. Civ. P. 54(d)(2) ("Motion").[1]  For the following reasons, the

Motion is denied.

On September 5, 2014, the Court denied Plaintiff's third and final post-judgment

motion, and further ordered as follows:

> Plaintiff has caused the Court and opposing parties to
> needlessly expend resources in this case, and has
> exhausted the Court's patience.  Therefore, pursuant to the
> Court's inherent power to manage the cases before it and
> deter frivolous filings, **the Court will not entertain any
> further motions from Plaintiff seeking post-judgment
> relief.**  *See Overton v. United States*, 48 F. App'x 295, 302
> (10th Cir. 2002) (citing *Judd v. Univ. of N.M.*, 204 F.3d 1041,
> 1043-45 (10th Cir. 2000), and *Tripati v. Beaman*, 878 F.2d
> 351, 352 (10th Cir. 1989)). . . .  **Plaintiff is prohibited from
> filing any further motions seeking post-judgment relief
> in this action.  Violation of this Order by Plaintiff may
> subject her to the imposition of sanctions by the Court.**

(ECF No. 240 at 7–8 (emphasis in original).)  In reliance on the Court's characterization

of Plaintiff's post-judgment behavior as unnecessary multiplication of the proceedings,

Defendants argue that attorneys' fees may be awarded against Plaintiff as sanctions on

the same theory as that set forth in 28 U.S.C. § 1927:  "Any attorney or other person

admitted to conduct cases . . . who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such

---

[1] Although the Motion's title asserts that it is brought under Rule 54(d)(2), its content
clarifies that Defendants seek attorneys' fees as a sanction for Plaintiff's meritless post-
judgment filings under the Court's inherent powers, under the same theory as an award of fees
under 28 U.S.C. § 1927.  (ECF No. 243 at 2–3.)  Pursuant to Rule 54(d)(2)(E), Rule 54(d)(2)
does not apply to claims for fees and expenses as sanctions for violations of the Federal Rules
of Civil Procedure or under 28 U.S.C. § 1927.  Arguably, then, Rule 54(d)(2) does not apply to
the instant Motion.  However, it is unnecessary to determine whether the Motion is properly
brought under that rule, as the Court finds that the provisions of Rule 54(d)(2)(A)–(D) have
been complied with here.

conduct." (ECF No. 243 at 2–3.) While Defendants admit that § 1927 applies only to attorneys and not to *pro se* litigants like Plaintiff, Defendants nevertheless urge the Court to award fees as sanctions for vexatious conduct under its inherent authority, pursuant to *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). (*Id.* at 3.)

The Court does not dispute that Plaintiff's post-judgment filings here were unreasonable and vexatious in nature. The Court also agrees that it has the inherent power to manage the proceedings before it and to impose sanctions when appropriate. *See Chambers*, 501 U.S. at 43–45. Nevertheless, as Defendants admit, such powers "must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44–45 (internal citation omitted). The Court has already imposed sanctions on Plaintiff for her vexatious post-judgment conduct, namely by prohibiting her from filing any further post-judgment motions in this case. (ECF No. 240 at 8); *see Overton*, 48 F. App'x at 302 ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. Injunctions restricting further filings are appropriate where [] the litigant's lengthy and abusive history is set forth . . . .") (internal citations omitted). Particularly given Plaintiff's *pro se* status, the Court found the filing restrictions it imposed to be sufficient in the instant case.

Defendants recognize that Plaintiff's *pro se* status sets a higher bar for any sanction in the form of an attorneys' fees award, but note that Plaintiff's "history in this case belies any suggestion that she is without knowledge of the applicable rules of

3

procedure, both federal and local."  (ECF No. 243 at 3.)  However, Plaintiff's ability to navigate the procedural requirements for filing an action in federal court does not imply her understanding and willingness to comply with the ethical duties pertinent to a licensed attorney, particularly the fine line between a frivolous claim and a good faith argument for an extension of the law.  *See* Colo. Rules of Prof'l Conduct 3.1 (2012) ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.").  While Plaintiff's post-judgment filings were undoubtedly vexatious and unreasonable, the Court finds no indication of bad faith or fraud.  *See Chambers*, 501 U.S. at 46. Defendants have cited no authority for the proposition that a *pro se* litigant may be sanctioned with an award of attorneys' fees against her under such circumstances.

Accordingly, the Court concludes that further sanctions for Plaintiff's post-judgment conduct are unwarranted, and therefore Defendants Larry Castle and Castle Stawiarski LLC's Motion for Attorney Fees Pursuant to Fed. R. Civ. P. 54(d)(2) (ECF No. 243) is DENIED.

Dated this 24th day of April, 2015.

BY THE COURT:

William J. Martínez
United States District Judge